# Exhibit A

Summons - Alias Summons (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DR. CHARLES SHULRUFF, D.D.S.

v.

ENDOCO, INC.; JOHN DOES 1-10

No. 2017-CH-05319

Defendant Address:
ENDOCO, INC.
R/A GREG SISKIN
2099 HILLSHIRE CIRCLE
MEMPHIS, TN 38133

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid 1500
Rolling Meadows, IL 60008

☐ District 4 - Maywood
Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Richard J. Daley Center
50 W. Washington, LL-01
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☐ Atty. No.: 41106
Name: EDELMAN COMBS LATTURNER &
Atty. for: DR. CHARLES SHULRUFF, D.D.S.
Address: 20 S CLARK 1500
City/State/Zip Code: CHICAGO, IL 60603
Telephone: (312) 739-4200
Primary Email Address: dedelman@edcombs.com
Secondary Email Address(es):

Witness: Thursday, 13 April 2017

DOROTHY BROWN, Clerk of Court

Date of Service: 5/1/17
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

(Area Code) (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

ELECTRONICALLY FILED
4/13/2017 10:25 AM
2017-CH-05319
CALENDAR: 10
PAGE 1 of 8
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

Atty. No. 41106

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DR. CHARLES SHULRUFF, D.D.S., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| ENDOCO, INC., and JOHN DOES 1-10, | ) ) ) ) |
| Defendants. | ) |

### COMPLAINT – CLASS ACTION

1. Plaintiff Dr. Charles Shulruff, D.D.S., brings this action to secure redress for the actions of defendant Endoco, Inc., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA expressly prohibits unsolicited fax advertising.

### PARTIES

3. Plaintiff Dr. Charles Shulruff, D.D.S., maintains telephone facsimile equipment at 4801 W. Peterson avenue, Suite 311, Chicago, Illinois 60646, where he maintains telephone facsimile equipment.

4. Defendant Endoco, Inc., is a Tennessee corporation that has offices at 2099 Hillshire Circle, Memphis, Tennessee 38133-6074.

5. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know

1

who they are.

## JURISDICTION AND VENUE

6. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Illinois.

## FACTS

7. On September 26, 2016 at 11:37 am, plaintiff Dr. Charles Shulruff, D.D.S., received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8. Exhibit A makes known the commercial availability of defendants' goods and services.

9. Exhibit A is a form document, which on information and belief was sent to numerous businesses.

10. Discovery may reveal the transmission of additional faxes as well.

11. Defendant Endoco, Inc., is responsible for sending or causing the sending of the faxes.

12. Defendant Endoco, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

13. Each fax refers to a website registered to defendant Endoco, Inc.

14. Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

15. The faxes have a "remove" number at the bottom that is associated with the mass

ELECTRONICALLY FILED
4/13/2017 10:25 AM
2017-CH-05319
PAGE 2 of 8

ELECTRONICALLY FILED
4/13/2017 10:25 AM
2017-CH-05319
PAGE 3 of 8

broadcasting of advertising faxes.

16. On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

17. On information and belief, based on the form nature of the fax, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

18. There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

19. Defendants failed to include the following material information on the facsimile as required by 47 U.S.C. §227(d)(1)(B) and 47 C.F.R. §68.318(d):

20. 47 U.S.C. §227(d)(1)(B) provides:

**Technical and procedural standards.**

**(1) Prohibition. It shall be unlawful for any person within the United States–**
. . .

> **(B) to use a computer or other electronic device to send any message via a telephone facsimile machine unless such person clearly marks, in a margin at the top or bottom of each transmitted page of the message or on the first page of the transmission, the date and time it is sent and an identification of the business, other entity, or individual sending the message and the telephone number of the sending machine or of such business, other entity, or individual. . . .**

21. 47 C.F.R. §68.318(d) provides:

> **(d) Telephone facsimile machines; Identification of the sender of the message. It shall be unlawful for any person within the United States to use a computer or other electronic device to send any message via a telephone facsimile machine unless such person clearly marks, in a margin at the top or bottom of each transmitted page of the message or on the first page of the transmission, the date and time it is sent and an identification of the business,**

3

ELECTRONICALLY FILED
4/13/2017 10:25 AM
2017-CH-05319
PAGE 4 of 8

other entity, or individual sending the message and the telephone number of the sending machine or of such business, other entity, or individual. If a facsimile broadcaster demonstrates a high degree of involvement in the sender's facsimile messages, such as supplying the numbers to which a message is sent, that broadcaster's name, under which it is registered to conduct business with the State Corporation Commission (or comparable regulatory authority), must be identified on the facsimile, along with the sender's name. Telephone facsimile machines manufactured on and after December 20, 1992, must clearly mark such identifying information on each transmitted page.

## COUNT I – TCPA

22. Plaintiff incorporates ¶¶ 1-21.

23. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

24. The TCPA, 47 U.S.C. §227(b)(3), provides:

**Private right of action.**

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

25. Plaintiff and each class member is entitled to statutory damages.

4

ELECTRONICALLY FILED
4/13/2017 10:25 AM
2017-CH-05319
PAGE 5 of 8

26. Defendants violated the TCPA even if their actions were only negligent.

27. Defendants should be enjoined from committing similar violations in the future.

### CLASS ALLEGATIONS

28. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendant Endoco, Inc., promoting its goods or services for sale (d) and with respect to whom defendant cannot provide evidence of express consent or an established business relationship prior to the faxing.

29. Based on the use of a form document, the class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 50 members of the class.

30. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. The manner in which defendants compiled or obtained their list of fax numbers;

    c. Whether defendants thereby violated the TCPA.

31. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not

to vigorously pursue this action.

32. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

33. Numerous courts have certified class actions under the TCPA. *Holtzman v. Turza*, No. 08 C 2014, 2009 WL 3334909 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part*, 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC*, 570 Fed.Appx. 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 WL 2224892 (N.D.Ill. May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.*, 679 F.Supp.2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Laboratory, Inc.*, No. 10 C 1315, 2010 WL 4074379 (N.D.Ill. Oct. 12, 2010); *Hinman v. M&M Rental Center, Inc.*, 545 F.Supp.2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, No. 08 C 3276, 2010 U.S.Dist. LEXIS 72902 (N.D.Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communications, Inc.*, No. 08-cv-4521, 2010 WL 744262 (N.D.Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La.App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So.2d 510 (La.App. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok.App. 2006); *ESI Ergonomic*

ELECTRONICALLY FILED
4/13/2017 10:25 AM
2017-CH-05319
PAGE 6 of 8

ELECTRONICALLY FILED
4/13/2017 10:25 AM
2017-CH-05319
PAGE 7 of 8

*Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns, Inc.*, 306 S.W.3d 577 (Mo.App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 4:12-CV-221 (CEJ), 2013 WL 275568 (E.D.Mo. Feb. 24, 2013).

34. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Statutory damages;

    b. An injunction against the further transmission of unsolicited fax advertising;

    c. Costs of suit;

    d. Such other or further relief as the Court deems just and proper.

Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200

7

(312) 419-0379 (FAX)
Atty. No. 41106

T:\33929\Pleading\Complaint_Pleading-0001.wpd

ELECTRONICALLY FILED
4/13/2017 10:25 AM
2017-CH-05319
PAGE 8 of 8

8

ELECTRONICALLY FILED
4/13/2017 10:25 AM
2017-CH-05319
CALENDAR: 10
PAGE 1 of 2
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

# EXHIBIT A

From: Steven Martinez    Fax: (877) 890-6854    To: 7734811916@rcfax.com Fax: +17734811916    Page 1 of 1  09/26/2016 11:37 AM

# Original, Non-Sterile Mailleter Hand Files







## 1+1

## Buy 1, Get 1 FREE!
## No Limit!
### Valid On Phone Orders Only!

# (800) 388-7868

ELECTRONICALLY FILED
4/13/2017 10:25 AM
2017-CH-05319
PAGE 2 of 2

Promo #MHR. Free goods ship from Maillefer. Begins September 20, 2016. Valid while supplies last. Stock is limited. Ultimate Dental website does not reflect availability. Must call for available quantities and sizes. Valid on select C+ Files, Hedstroms, Reamers, FlexoFiles, Senseus Files, Original Sterile K-Files and Original Sterile FlexoFiles. Excludes K-Files, C Files and all Ready-Steel Files. Offer valid to recipient only. Non-transferrable.



Ultimate Dental
A Division of Endoco

 FREE STANDARD SHIPPING

 ONLINE FAVORITES LISTS

 AUTO FREE GOODS

SIGN IN AND VIEW YOUR BULK PRICES

 OFFICIAL DEALER

 SAVE BIG, SHOP SMALL

CONTACT US
(800) 388-7868
www.UltimateDental.com

You've received this fax because you requested updates about products and promotions. If you would like to change your fax preferences or would rather not receive fax updates from Ultimate Dental, please call Allie at 800-388-7868 x 228.

**Call (800) 388-7868 to place your order today!**